GONZALEZ, APPELLEE, *v.*
OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLANT.

(No. 80AP-69 — Decided May 27, 1980.)

*Mr. Robert Karl Handelman,* for appellee.
*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for appellant.

McCORMAC, J. Ezequiel Gonzalez was transferred from his position as manager of the Findlay office of the Ohio Bureau of Employment Services to office manager of the Migrant Rest Center in Liberty Center, Ohio, where he was titled a Rural Manpower Specialist. Gonzalez appealed to the State Personnel Board of Review contending that the transfer violated R. C. 124.32 and 124.33 in that it was not to a similar position and was not necessary for the efficient operation of the office. There was no reduction in pay attached to the transfer.

The case was heard on its merits before a hearing officer who found that the transfer violated both R. C. 124.32 and 124.33 in that the transfer was not necessary for the efficient operation of the Ohio Bureau of Employment Services, finding that Gonzalez was given little or nothing to do in his new job and that it was not a transfer to a position having similar duties. The referee recommended disaffirmance of the

transfer. Objections were made to the referee's report and the State Personnel Board of Review affirmed the transfer, finding that Gonzalez was not reduced in pay or position, that there was no evidence the transfer was for political purposes or to get rid of him, and that there was evidence that the transfer was made for the efficiency of the Ohio Bureau of Employment Services and in accordance with an attempt to comply with a federal district court decision. The State Personnel Board of Review did not specifically address the issue of whether Gonzalez' duties were similar in his new position.

Gonzalez appealed to the Court of Common Pleas of Franklin County pursuant to R. C. 119.12. The Court of Common Pleas reversed the decision of the State Personnel Board of Review, finding that it was not supported by reliable, probative and substantial evidence and not in accordance with law, as the transfer violated both R. C. 124.32 and 124.33.

The Ohio Bureau of Employment Services has appealed, setting forth the following assignments of error:

"I. The Common Pleas Court erred in reversing the decision of the State Personnel Board of Review in that there was reliable, substantial, and probative evidence indicating that the management position of an Employment Security Specialist VI in rural manpower is similar to the position as Employment Security Specialist VI in office management.

"II. The Common Pleas Court erred in interpreting Section 124.32, Ohio Revised Code, as requiring a transfer to an 'identical' position rather than a 'similar' position.

"III. The Common Pleas Court erred in failing to recognize and/or address the effect of the decision of the United States District Court for the district of Columbia in the case of *NAACP* v. *Peter Brennan,* No. 2010-72, on the transfer involved in the instant appeal."

Assignments of Error Nos. I and II are combined for discussion as they both involve the application of the facts concerning Gonzalez' duties, both before and after the transfer, to the requirement of R. C. 124.32, that he be transferred to a "similar" position with "similar" duties.

R. C. 124.32 provides, as pertinent, as follows:

"(A) With the consent of the director of administrative services, a person holding an office or position in the classified service may be transferred to a similar position in another of-

fice, department, or institution having the same pay and similar duties; but no transfer shall be made from an office or position in one class to an office or position in another class,*** ."

The first issue is what is meant by a "similar" position. "Similar" is defined in Webster's New World Dictionary of the American Language (2 Ed. 1978) as "nearly but not exactly the same or alike; having a resemblance." Obviously, it is not necessary that the duties of the new position be identical, as it is sufficient that they be similar or nearly alike. There is, however, nothing in the decision of the Court of Common Pleas of Franklin County that indicates that the court required that the duties of a Rural Manpower Specialist be identical to the duties of office manager of the Findlay office. The Court of Common Pleas recognized and enunciated the proper statutory test.

A review of the facts shows clearly that Gonzalez' duties as a Rural Manpower Specialist were not similar to those he had as office manager of the Findlay office. Rather than the duties being nearly alike, they were in actuality very dissimilar and not alike at all. The referee and the trial court both addressed the dissimilarity of duties of Gonzalez before and after his transfer. There is no real conflict in the evidence of Gonzalez' actual duties after he was assigned to the Migrant Rest Center. The duties which were described on paper for the Rural Manpower Specialist job were not actually assigned to Gonzalez, nor was he expected to perform them. Had his actual duties as a Rural Manpower Specialist been those described on paper, it may be that there was sufficient similarity of duties to justify the transfer. However, had a job audit been made of the actual duties of the position to which Gonzalez was transferred, the position would undoubtedly have been downgraded as to grade and pay.

Assignments of Error Nos. I and II are overruled, as the trial court did not err in concluding that the decision of the State Personnel Board of Review was not in accordance with reliable, probative and substantial evidence and not in accordance with law, as the evidence clearly indicates that Gonzalez' duties in the position to which he was transferred were not similar to those which he held prior to that time.

The Ohio Bureau of Employment Services further con-

tends that the Court of Common Pleas erred by failing to recognize or address the effect of the order of the United States District Court in the case of *NAACP* v. *Brennan* (D.C.D.C. 1974), 8 Employment Practices Decisions, paragraph No. 9634 (which implements the decision issued in *NAACP* v. *Brennan* [D.C.D.C. 1973], 360 F. Supp. 1006), on the transfer involved in the instant appeal.

The Court of Common Pleas did not err in failing to address this issue. R. C. 124.32 protects Gonzalez, a civil servant, against a transfer to a position having dissimilar duties. If his transfer was not in accordance with R. C. 124.32, it matters not what the United States District Court held in the cited case. Compliance with that decision would have to be accomplished by a means other than violating a civil servant's rights accorded by statute. In addition, the unequivocal testimony that Gonzalez was assigned little or nothing to do for long periods of time after the transfer gives no indication of a realistic attempt to comply with federal requirements to provide migrant and seasonal farm workers a full range of manpower services.

Appellant's third assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MOYER, JJ., concur.