THE PEOPLE *ex rel.* TYRONE C. FAHNER, Attorney General, Plaintiff-Appellant, *v.* JOSEPH D. TESTA, Indiv. and d/b/a Sterling Estates Mobile Home Park *et al.*, Defendant-Appellee.—(Joseph D. Testa, Plaintiff, *v.* Ernest Glasgow *et al.*, Defendants.)

First District (4th Division)   No. 81—2993

Opinion filed February 10, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (William S. Shapiro, Assistant Attorney General, of counsel), for appellant.

William G. Phillips, of Park Ridge, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Tyrone C. Fahner, the Illinois Attorney General, appeals an order of the trial court dismissing his first amended complaint against defendant, Joseph Testa, charging him with violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979, ch. 121½, par. 261 *et seq.*) and the Mobile Home Landlord and Tenant Act (Ill. Rev. Stat. 1979, ch. 80, par. 201 *et seq.*). The following issues are raised for review: (1) whether the amended complaint states a cause of action for violations of the consumer fraud and mobile home statutes, and (2) whether the cause of action abated upon Testa's death.

On May 21, 1980, defendant filed a complaint for forcible entry and detainer against Ernest and Donna Glasgow and Douglas and Tammie Hanson. The Glasgows, tenants of defendant's mobile home village, had allowed the Hansons to move into their mobile home. On July 3, 1980, the Illinois Attorney General, plaintiff, filed a complaint for injunctive and other relief against defendant. These two causes were consolidated on October 16, 1980.

On November 25, 1980, plaintiff filed his first amended complaint for injunctive and other relief against defendant, the owner/operator of Sterling Estates Mobile Home Village. Defendant bought and sold new and used mobile homes as Testa Mobile Home Sales. Both businesses are located in Justice, Illinois. The complaint charged that

defendant told certain of his mobile home tenants that they could not sell their homes unless the homes were removed from the village after sale. Defendant offered to buy certain of their homes at prices that were as much as one-half below the prices offered by potential purchasers. Defendant attempted to evict certain tenants and purchasers of the homes of former tenants and denied leases to potential purchasers. There was no comparable mobile home village in the vicinity. Plaintiff alleged that defendant's acts were unfair or deceptive, in violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979, ch. 121½, par. 262). Plaintiff asked that the court adjudge defendant's conduct an unfair practice, that defendant be required to notify tenants of their right to sell their homes and not face eviction, and that defendant be required to inform tenants of the standards for prospective tenants and for having a mobile home remain in the village. Plaintiff asked a penalty of $50,000 and that defendant be enjoined from requiring tenants to sell to him or face eviction.

In count II, plaintiff charged that certain tenants were threatened with eviction after they filed complaints with the consumer protection division of the Office of the Attorney General for violations of the Mobile Home Landlord and Tenant Act (Ill. Rev. Stat. 1979, ch. 80, par. 201 *et seq.*). Plaintiff alleged that requiring tenants to prepay an entire year's rent for a year-to-year lease was a violation of section 6 of that act (Ill. Rev. Stat. 1979, ch. 80, par. 206). Further, defendant interfered with the tenants' right to sell their homes by refusing to offer leases to prospective purchasers. Plaintiff asked that the court adjudge defendant's conduct a violation of the mobile home statute, that he be required to offer leases for a period of not less than 12 months, that he be enjoined from threatening or trying to evict tenants who complain to government agencies of violations of the mobile home statute, and that he not be allowed to interfere with the tenant's right to sell his mobile home by arbitrarily refusing tenancy to prospective purchasers.

In count III, plaintiff complained that defendant had failed to comply with a subpoena and notice to produce. Plaintiff asked that the court order compliance and enjoin defendant from conducting his business.

On July 23, 1981, Testa's attorney filed a motion suggesting death and other relief. On June 29, 1981, Testa had died as a result of injuries suffered when a bomb exploded in his car. At a hearing on defendant's motion to dismiss plaintiff's amended complaint, held on November 23, 1981, the trial court made the following findings:

(1) The complaint does not state a cause of action under either the consumer fraud or mobile home statute.

(2) The tenants are not consumers.

(3) Under the Mobile Home Landlord and Tenant Act there is no right to on-site sale of a mobile home.

(4) Sterling Estates leases are not void or voidable.

(5) The death of Testa abated the cause of action.

The trial court dismissed the complaint with prejudice although it acknowledged that the tenants might have a cause of action at law for damages. Plaintiff appeals.

The first issue raised by this appeal is whether the amended complaint states a cause of action under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979, ch. 121½, par. 261 *et seq.*). Section 7 of the Act provides as follows:

"Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by Section 2 of this Act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by temporary or permanent injunction the use of such method, act or practice." Ill. Rev. Stat. 1979, ch. 121½, par. 267.

Section 2 of the Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices *** in the conduct of any trade or commerce are hereby declared unlawful ***." (Ill. Rev. Stat. 1979, ch. 121½, par. 262.) Section 11a of the Act provides that it shall be liberally construed to effect its purposes. Ill. Rev. Stat. 1979, ch. 121½, par. 271a.

■ In his complaint, plaintiff alleged that defendant's conduct constituted unfair or deceptive acts or practices in violation of section 2 of the Act. Defendant contends that the conduct complained of was not unfair or deceptive. We disagree. The terms, "unfair practice" and "unfair methods of competition" are inherently not susceptible to precise definition. They must be defined on a case by case basis because of the futility of trying to anticipate all the unfair methods and practices a fertile mind might devise. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 290, 430 N.E.2d 1012, 1018.) Plaintiff alleged as unfair or deceptive the following acts and practices of defendant: requiring tenants to sell their homes directly to him at a lower price and denying a lease to a third party purchaser and threatening eviction. Defendant did not inform tenants of his resale policy, namely, that the mobile homes must be removed

after sale, until tenants tried to sell their homes. Upon a motion to dismiss, all facts properly pleaded in the complaint must be taken as true. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.) We hold that under the circumstances of this case plaintiff sufficiently alleged an unfair or deceptive act or practice under section 2 of the Consumer Fraud and Deceptive Practices Act.

Defendant also contends that the consumer fraud statute is not applicable because tenants are not consumers. Consumer is defined in the Act as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of trade or business but for his use or that of a member of his household." (Ill. Rev. Stat. 1979, ch. 121½, par. 261(e).) Merchandise includes services. (Ill. Rev. Stat. 1979, ch. 121½, par. 261(b).) In his complaint, plaintiff alleged that defendant leased spaces to tenants for their mobile homes. According to the lease agreement, defendant would provide services in exchange for rent.

■ In *People ex rel. Fahner v. Hedrich* (1982), 108 Ill. App. 3d 83, 88, 438 N.E.2d 924, 928, the court addressed the issue of whether the Consumer Fraud and Deceptive Business Practices Act is applicable to transactions between a mobile home park landlord and tenant. The court stated the following:

> "From the evidence at trial it is clear that under the leasing agreement, the tenants contracted for various services to be supplied by the defendant, *i.e.*, maintaining the utilities and road within the complex, providing snow and garbage removal, and allowing for the use of the lot. Therefore, the tenant contracted for the purchase of 'merchandise' as defined in section 1(b) and, under section 1(e), is a 'consumer.'" (*People ex rel. Fahner v. Hedrich* (1982), 108 Ill. App. 3d 83, 88.)

We conclude that tenants are consumers under the Act and that the trial court erred in holding that the amended complaint did not state a cause of action under the Consumer Fraud and Deceptive Business Practices Act.

■ Because of this conclusion, we also agree with plaintiff's contention that the complaint states a cause of action under the consumer fraud statute for subpoena enforcement. Under sections 3, 4 and 6 of the Act (Ill. Rev. Stat. 1979, ch. 121½, pars. 263, 264, 266), the Attorney General may examine documents in the course of investigations of unfair practices, issue subpoenas, and request injunctive and other relief to compel obedience to subpoenas.

■ The next issue raised by plaintiff is whether the amended

complaint states a cause of action under the Mobile Home Landlord and Tenant Act (Ill. Rev. Stat. 1979, ch. 80, par. 201 *et seq.*). In his complaint, plaintiff alleged violations of the Act as follows:

(1) Defendant failed to offer a written lease for a term of not less than 12 months, and required a tenant to prepay the entire year's rent on a year-to-year lease. This practice constituted a violation of section 6 of the Act which provides the following:

"(a) The park owner shall be required to offer to each present and future tenant a written lease for a term of not less than 12 months, unless the parties agree to a different term subject to existing leases which shall be continued pursuant to their terms." (Ill. Rev. Stat. 1979, ch. 80, par. 206.)

In his brief, plaintiff concedes that defendant's leases may have been within the letter of the law but argues that the prepayment requirement for year-to-year leases is not within the spirit of the law.

(2) Defendant threatened and tried to evict tenants who complained to a governmental agency about his violations of the mobile home statute in violation of sections 15 and 16 of the Act. Section 15 provides that statutory grounds for eviction are nonpayment of rent, failure to comply with mobile home park rules, and failure to comply with laws regulating mobile homes (Ill. Rev. Stat. 1979, ch. 80, par. 215). Section 16 provides that an improper ground for eviction is "[a]s a reprisal for the tenant's good faith complaint to a governmental authority of the park owner's alleged violation of *** State law ***." Ill. Rev. Stat. 1979, ch. 80, par. 216(b).

(3) Defendant interfered with tenant's right to sell his mobile home to a purchaser of his choice, by unreasonably refusing to offer a prospective purchaser a lease or application for a lease. This violated section 24 of the Act which provides as follows:

"The park owner shall be enjoined and restrained from prohibiting, limiting, restricting, obstructing or in any manner interfering with the freedom of any mobile home owner to:

(a) Sell his mobile home to a purchaser of his choice, provided that the park owner shall be allowed to promulgate any general qualifications or lawful restrictions on park residents which limit or define the admission of entrants to the park." Ill. Rev. Stat. 1979, ch. 80, par. 224.

Upon a motion to dismiss a complaint, all facts properly pleaded must be taken as true. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.) A cause of action

should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187.) In the instant case, plaintiff is entitled to prove that defendant's threats and notices of eviction were unlawful reprisals under section 16 of the Act.

The trial court ruled that in Illinois there is no right to on-site sale of a mobile home and that the Sterling Estates leases are not void or voidable. Plaintiff argues that defendant's unreasonable refusal to grant leases to potential mobile home purchasers, together with his offers to purchase that were substantially less than those of third parties and the unavailability of sites in the vicinity, effectively deprived tenants of their rights to sell homes to persons of their choice. Defendant's practice of requiring prepayment of rent on year-to-year leases effectively denied such leases to tenants living on fixed incomes. We hold that if plaintiff were allowed to prove these facts, he may be entitled to relief. Therefore, we conclude that the trial court erred in holding that the amended complaint did not state a cause of action under the Mobile Home Landlord and Tenant Act.

The final issue raised by this appeal is whether the cause of action under each statute abated upon defendant's death. The determination of whether an action abates or survives in Illinois is governed by common law rules and statutory provisions changing the common law. (*Shapiro v. Chernoff* (1972), 3 Ill. App. 3d 396, 401, 279 N.E.2d 454, 456-57.) The Illinois survival statute provides as follows:

"In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article VI of 'An Act relating to alcoholic liquors.' " Ill. Rev. Stat. 1979, ch. 110½, par. 27—6.

In count I of the amended complaint, plaintiff alleged that defendant's acts were unfair or deceptive. Under the survival statute quoted above, actions for fraud or deceit survive the death of a party and do not abate. As the court stated in *Illinois Minerals Co. v. McCarty* (1943), 318 Ill. App. 423, 435, 48 N.E.2d 424, 429:

"Fraud may be based on false representation. It may be based on concealment; on fraudulent devices; on a wilful, malevolent

act directed to perpetrate a wrong to the rights of others; unlawful appropriation of another's property by design, or conduct that operates fraudulently on the rights of others, and is so intended. In short, it comprises all acts, of omissions and concealments, including breach of legal or equitable duty, trust or confidence, resulting in injury to another. Deceit is a species of fraud. Sometimes the words are used interchangeably. Deceit is actual fraud and consists of any false representation or contrivance, where one person overreaches another."

■ Plaintiff alleged that defendant did not inform tenants of his resale policy when they leased lots from him. They did not know that they would have to remove their homes upon sale because third-party purchasers would be denied leases. Defendant's acts may be construed as constituting fraud and deceit. Thus, we hold that the cause of action under the Consumer Fraud and Deceptive Business Practices Act survived the death of defendant.

In count II of the amended complaint, plaintiff alleged that defendant interfered with the tenants' rights to sell their mobile homes and threatened or tried to evict when tenants complained to authorities, in violation of the mobile home statute. As stated above, Illinois law provides for survival of actions based on injury to person or personal property. As stated above, plaintiff alleges such injury in count II. Therefore, we conclude that the cause of action for violations of the Mobile Home Landlord and Tenant Act survives and did not abate upon defendant's death.

For the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause is remanded.

Reversed and remanded.

ROMITI, P.J., and JIGANTI, J., concur.