THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellant, v. JOHN STIANOS *et al.*, Defendants-Appellees.

Second District   No. 84—772

Opinion filed March 6, 1985.

Neil F. Hartigan, Attorney General, of Springfield (James C. Spoeri and Lori R. Lefstein, Assistant Attorneys General, of Chicago, of counsel), for the People.

No brief filed for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, the Illinois Attorney General, appeals from an order of the circuit court which denied his motion for issuance of a preliminary injunction against defendants, John Stianos and Theodore Stamayan-

nos, d/b/a J & T Mini Mart, to prevent them from charging to consumers sales tax in excess of the amount authorized by law.

Defendants have not responded with a brief on appeal, and we will consider the issues presented under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493.

The complaint for injunctive and other relief was brought against defendants by the Illinois Attorney General pursuant to the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*) (Consumer Fraud Act). It alleges, *inter alia*, that defendants were engaged in the sale of food for human consumption and of nonprescription drugs for which the applicable sales tax rate which may be charged in Lake County is 1.25%[1]; that on April 24, 1984, an investigator for the Attorney General purchased Bayer Aspirin, a nonprescriptive drug, from defendants for $1.29 and was charged 8 cents sales tax, which is a rate of 6.20% for the purchase; that on June 11, 1984, an investigator purchased Vicks Cough Syrup, a nonprescriptive drug, from defendants for $2.99 and was charged 18 cents for sales tax, which is a rate of 6.02%; and, that on July 5, 1984, the investigator purchased Anacin, a nonprescriptive drug, from defendants for $2.99 and was charged 18 cents for sales tax, a rate of 6.02% for the purchase.

The complaint further alleged that defendants' conduct constituted a pattern of deceptive acts or practices in the conduct of trade or commerce in violation of section 2 of the Consumer Fraud Act (Ill. Rev. Stat. 1983, ch. 121½, par. 262) as the sales tax overcharges offend public policy and cause substantial injury to consumers. The complaint sought preliminary and permanent injunction against the continued unlawful practice, restitution to all consumers affected by it and assessment of a civil penalty against defendants for violation of the Consumer Fraud Act.

A temporary restraining order was issued on motion of the Attorney General on July 12, 1984, and the cause set for hearing for a preliminary injunction on July 18. Defendants moved to dismiss the complaint, alleging it failed to state a cause of action and that the conduct complained of, if true, was not prohibited by the Consumer Fraud Act. The trial court granted defendant's motion, in part, by striking

---

[1]Ill. Rev. Stat. 1983, ch. 24, par. 8—11—1 (Municipal Retailers' Occupation Tax Act); Ill. Rev. Stat. 1983, ch. 111⅔, par. 704.03(e) (Regional Transportation Authority Retailers' Occupation Tax); Ill. Rev. Stat. 1983, ch. 120, par. 439.3 (Use Tax Act).

that portion of the prayer for relief in the complaint which sought civil penalties. Defendant then answered admitting they were sellers of nonprescriptive drugs and that Bayer Aspirin and Anacin were in that category, but denied Vicks Cough Syrup was a nonprescriptive drug or that defendants had violated the Consumer Fraud Act.

At the hearing of the motion for preliminary injunction held July 18, 1984, the Attorney General's investigator testified she had been assigned to make purchases of nonprescriptive drugs from retail stores to determine whether they were charging the correct amount of sales tax to consumers. She participated in investigations in Cook, Lake and McHenry counties, including defendants' store in Waukegan. The witness testified she made the purchases alleged in the complaint from defendants' store on those three occasions and was charged with the excessive sales tax rates alleged on each occasion. She stated that she did not need a prescription for any of these purchases nor did she identify herself as an investigator or inform the cashiers she had been overcharged.

At the close of plaintiff's case, defendants moved for a directed finding which the trial court granted on the grounds (1) plaintiff had failed to prove defendants had engaged in the complained-of conduct with intent to deceive; (2) that the conduct was *de minimis*; and, (3) that plaintiff failed to show a likelihood of success on the merits. The court denied the preliminary injunction and dissolved the temporary restraining order.

The Attorney General filed a notice of interlocutory appeal from the order refusing the injunction (87 Ill. 2d R. 307(a)(1)). He also sought certification from the trial court for permissive appeal under Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)) on the grounds that its order dismissing the portion of plaintiff's complaint in which monetary penalties were sought raised a disputable question of law for which an immediate appeal would advance termination of the litigation; certification was denied by the trial court, however, and that issue is not before us on this appeal.

■ Plaintiff contends first that the finding for defendants at the close of plaintiff's case in the hearing for preliminary injunction was against the manifest weight of the evidence.

A trial court must apply a two-step analysis when ruling upon a motion for judgment in favor of defendant at the close of plaintiff's case in a bench trial (Ill. Rev. Stat. 1983, ch. 110, par. 2—1110). It must first determine, as a matter of law, if plaintiff has presented a *prima facie* case, *i.e.*, whether plaintiff offered some evidence on each essential element of his cause of action; if not, judgment should be en-

tered for defendant. If, however, plaintiff has made out a *prima facie* case, the trial court must then weigh the evidence and if, after having done so, sufficient evidence still remains to establish plaintiff's *prima facie* case, the court should deny defendants' motion and proceed with the trial. *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154-55, 407 N.E.2d 43.

It appears in the present case that the trial court determined plaintiff failed, as a matter of law, to present sufficient evidence to establish *prima facie* that the preliminary injunction should issue. The court found plaintiff failed to show that defendants acted with intent to deceive; defendants' conduct was *de minimis*; and plaintiff failed to establish a likelihood of success on the merits of the action. We will consider whether the findings made by the trial court require the conclusion that the remedy sought is without merit as a matter of law.

Section 7 of the Consumer Fraud and Deceptive Business Practices Act provides:

"Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by Sections 2 through 20 of this Act to be unlawful, and that proceedings would be in the public interest, he or she may bring an action in the name of the People of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice." (Ill. Rev. Stat. 1983, ch. 121½, par. 267.)

Section 2 of the Act provides that certain generally described unfair and deceptive acts or practices in the conduct of trade or commerce are unlawful. (Ill. Rev. Stat. 1983, ch. 121½, par. 262; *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 284, 430 N.E.2d 1012.) In the present case, the Attorney General's complaint alleged defendants were engaged in trade or commerce and had engaged in unfair or deceptive practices in doing so by charging consumers excessive sales tax not authorized by law. (See *People ex rel. Fahner v. Hedrich* (1982), 108 Ill. App. 3d 83, 438 N.E.2d 924; *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 461 N.E.2d 78; *People ex rel. Hartigan v. Maclean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 457 N.E.2d 480.) Plaintiff also offered evidence in support of the complaint which established defendants had overcharged for sales tax on three occasions.

In granting defendants' motion for a directed finding, the trial court found first that defendants had no intent to deceive when they charged excessive sums for sales tax. While it is difficult to understand the basis for that conclusion, as defendants have not testified, it

has been held that an intent to deceive is not essential to a finding of unfair or deceptive conduct under section 2 of the Consumer Fraud Act. (*Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 494-95, 429 N.E.2d 448; *American Buyers Club v. Honecker* (1977), 46 Ill. App. 3d 252, 259, 361 N.E.2d 1370.) As this court recently noted, the center of focus in such matters is not on the intent of the seller but, rather, on the effect that the unlawful conduct might have on the consumer. *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 486, 461 N.E.2d 78, 82.

The same conclusion must necessarily be reached on consideration of the civil penalty provisions of section 7 of the Act. (Ill. Rev. Stat. 1983, ch. 121½, par. 267, as amended.) The statute provides for a civil penalty not to exceed $50,000 against any person found by the court to have violated section 2 of the Act and, if the unlawful practice was done with intent to defraud, the court may impose a civil penalty up to that sum for each violation. It is clear that unfair or deceptive practices are unlawful under section 2 of the Consumer Fraud Act whether or not it was intended to deceive, and the trial court erred in finding to the contrary.

■ The trial court also found that defendants' conduct was *de minimis* and that the Attorney General had not shown a likelihood of success on the merits, which suggests the court considered defendants' conduct did not cause irreparable harm and injunction was not required.

Traditionally, the remedy of a preliminary injunction is granted only where plaintiff shows: (1) he has a clearly ascertainable right that needs protection; (2) he will suffer irreparable harm without the protection; (3) he has no adequate remedy at law; (4) he is likely to succeed on the merits; and, (5) he will suffer greater harm without the injunction than defendant will suffer if it is issued. (*Illinois Consolidated Telephone Co. v. Aircall Communications, Inc.* (1981), 101 Ill. App. 3d 767, 771, 428 N.E.2d 747; *People ex rel. Fahner v. Steel Container Corp.* (1981), 102 Ill. App. 3d 369, 372-73, 430 N.E.2d 68.) Where, however, an injunction is sought by a public official or body pursuant to express authorization of a statute, the requirements of the statute control rather than those traditional matters to which we have referred. *People ex rel. Edgar v. Miller* (1982), 110 Ill. App. 3d 264, 269, 441 N.E.2d 1328, *leave to appeal denied* (1983), 93 Ill. 2d 541; *People ex rel. Carpentier v. Goers* (1960), 20 Ill. 2d 272, 276, 170 N.E.2d 159; *People v. Keeven* (1979), 68 Ill. App. 3d 91, 96-97, 385 N.E.2d 804; *City of Highland Park v. County of Cook* (1975), 37 Ill. App. 3d 15, 20, 344 N.E.2d 665.

The principle underlying the willingness of the courts to issue statutory injunctions to public bodies to restrain violations of a statute is that harm to the public at large can be presumed from the statutory violation alone. (*People v. Keeven* (1979), 68 Ill. App. 3d 91, 96, 385 N.E.2d 804; *Sadat v. American Motors Corp.* (1983), 114 Ill. App. 3d 376, 380, 448 N.E.2d 900, *aff'd* (1984), 104 Ill. 2d 105, 470 N.E.2d 997.) In the present case, the Attorney General is specifically authorized by section 7 of the Consumer Fraud Act to seek to enjoin persons from engaging in unfair or deceptive business conduct. In *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012, the court noted that:

"The Act is a regulatory and remedial enactment intended to curb a variety of fraudulent abuses and to provide a remedy to individuals injured by them. Its stated purpose, set forth in its preamble, is to protect Illinois Consumers, borrowers, and businessmen against fraud, unfair methods of competition, and other unfair and deceptive business practices. The Act is clearly within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils." 88 Ill. 2d 279, 288.

We conclude that the Attorney General was not required to show irreparable harm or an inadequate remedy at law, as would be the case if a private party sought equitable relief to protect private rights. Where the statute describes the requirements for a pleading, the Attorney General need only allege and prove what the statute requires in order to obtain the authorized injunctive relief. (*People v. Keeven* (1979), 68 Ill. App. 3d 91, 96, 385 N.E.2d 804.) To meet the requirements of section 2 of the Consumer Fraud Act (Ill. Rev. Stat. 1983, ch. 121½, par. 262), the Attorney General need only show that defendant is engaged in a trade or commerce and in unfair or deceptive acts or practices in the conduct of that trade or commerce. (*People ex rel. Fahner v. Hedrich* (1982), 108 Ill. App. 3d 83, 87, 438 N.E.2d 924; *People ex rel. Hartigan v. Maclean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 1056, 457 N.E.2d 480; *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 484, 461 N.E.2d 78.) The trial court erred when it granted defendants' motion at the close of plaintiff's case on these grounds.

The material facts in this case do not appear to be in dispute. Defendants admit they are engaged in a trade or commerce, and it is apparent from the evidence that in the separate purchases made by the investigator over a several week period, defendants overcharged

for sales tax by about 4.75% on each purchase. However, defendants denied in their answer that such conduct violated the Consumer Fraud Act, and the trial court may have considered that charging excessive sales tax to consumers was not unfair or deceptive under the terms of the Act.

The Act prohibits "unfair or deceptive acts or practices *** in the conduct of any trade or commerce ***." (Ill. Rev. Stat. 1983, ch. 121½, par. 262.) Our supreme court has recognized these terms are not capable of precise definition, and whether a given practice is unfair or deceptive must be determined on a case-by-case basis. *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 290, 420 N.E.2d 1012; *People ex rel. Fahner v. Testa* (1983), 112 Ill. App. 3d 834, 837, 445 N.E.2d 1249.

Section 2 of the Act provides that in determining whether a practice is unlawful as unfair or deceptive, consideration is to be given to the interpretations of the Federal Trade Commission and the Federal courts under the similar Federal Trade Commission Act. In *Federal Trade Com. v. Sperry & Hutchinson Co.* (1972), 405 U.S. 233, 244-45, 31 L. Ed. 2d 170, 179-80, 92 S. Ct. 898, 905-06, standards employed to determine whether a practice was deceptive or unfair included whether the practice offends public policy as it has been established by statute or otherwise; whether it is immoral, unethical, oppressive or unscrupulous; and, whether it causes substantial injury to consumers or competitors. *People ex rel. Fahner v. Hedrich* (1982), 108 Ill. App. 3d 83, 89, 438 N.E.2d 924; *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 484, 461 N.E.2d 78.

We conclude the practice described in this case is both deceptive and unfair as those terms are used in the Consumer Fraud Act. The sales tax rates which may be charged to consumers have been fixed by statute; the legislature set the tax rate at 1.25%, but the evidence here is that defendants collected an average of 4.75%. While the three sales upon which this case is premised reflect only a few cents in overcharges, it is apparent that similar overcharges, if permitted to continue, could aggregate very substantial losses and injury to the consuming public. It is also unfair to permit the extraction from the consumer of excessive sums under the guise it is a lawful tax. If, as defendants alleged in their answer, the excess sums collected were turned over to the State, defendants' conduct remains unfair and deceptive to the consumers' injury.

As earlier noted, it appears that the trial court granted defendants' motion for a finding in their favor at the close of plaintiff's case because, as a matter of law, it found plaintiff failed to present a

*prima facie* case. There is no suggestion in the record that the trial court, whose duty it is to weigh plaintiff's evidence, disbelieved any of the evidence upon which plaintiff's rights depended. We therefore reverse and remand the cause with directions that the trial court deny defendants' motion and proceed with plaintiff's motion for preliminary injunction. *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 156, 407 N.E.2d 43.

Reversed and remanded with directions.

REINHARD and LINDBERG, JJ., concur.