THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellant, v. JAMES LANN, Indiv. and d/b/a Lann Industries of Illinois, d/b/a Hammer Construction, and d/b/a Midway Construction Company, Defendant-Appellee.

First District (6th Division)   No. 1—90—2800

Opinion filed January 24, 1992.

Roland W. Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellant.

Allan W. Masters, of Chicago (Mary Ellen Dienes, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), this interlocutory appeal requires us to consider the following question certified by the circuit court of Cook County:

"[W]hether, for purposes of discovery, individual consumers [may] be considered party plaintiffs rather than occurrence witnesses in suits brought by the Attorney General in the public interest when the Attorney General seeks restitution for individual consumers pursuant to the provisions of the Consumer Fraud and Deceptive Business Practices Act [(Consumer Fraud Act or the Act)]." Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*

The Attorney General of Illinois, on behalf of the People of the State of Illinois, filed this action in 1987 against James Lann, individ-

ually and doing business as Lann Industries of Illinois, Pal Construction, Pal Construction Company, S. Norton Roofing and Siding, D.P. Management, Kenward International, Inc., Hammer Construction, and Midway Construction Company. The 1989 amended complaint alleged that defendant, who was engaged in the business of selling home repair goods and services, had violated the Consumer Fraud Act by, *inter alia*, failing to provide for contracted services and materials, failing to begin or complete work within dates required by contract and obtaining payments by misrepresentation. The complaint set forth allegations about defendant's business dealings with three customers in violation of the Consumer Fraud Act. The complaint did not, however, specify the number of individual customers represented in the suit or the number of business dealings alleged to constitute defendant's fraudulent business practices. The State also asked the court to enjoin defendant from operating his business in Illinois, to require defendant to provide restitution to all injured customers, to assess civil penalties for each violation and to cancel and rescind all the contracts.

Pursuant to discovery requests, the State provided defendant with "an extensive volume of records," including contracts and cancelled checks relating to 19 dissatisfied customers. In October 1989, defendant moved to bar the testimony of any consumers not named in the amended complaint. The Attorney General responded that naming individual customers was not required. Defendant also sought to dismiss the State's complaint on the ground that Lotte Leja, one of the three consumers specified as an example in the amended complaint, had obtained a private judgment against defendant. Defendant also filed discovery motions on the Attorney General requesting various consumers to answer interrogatories and to produce and appear for discovery depositions. The State refused to answer these discovery requests.

On June 4, 1990, after hearing argument on defendant's motions to bar and dismiss, the circuit court struck the prayers for restitution and for rescission of contracts, noting that the Consumer Fraud Act did not contemplate such remedies. After a hearing upon the State's motion to reconsider, the circuit court acknowledged that the statute provided for restitution and modified its prior ruling accordingly. The court, however, imposed a duty on the Attorney General to act as counsel for individual consumers for whom restitution was sought and to treat them as party plaintiffs for discovery purposes only. The court wrote:

"If the Attorney General is going to seek restitution or seek to recover damages on behalf of individual consumers, each individual consumer shall be considered conventional party plaintiffs for purposes of discovery. The Attorney General must represent the individual consumer and comply with the rules of discovery in order to grant the defendants fundamental due process rights. The Attorney General will be required to produce individual consumers for deposition, to answer interrogatories on behalf of consumers and to generally comply with the rules of discovery as if personally appearing on behalf of consumers."

The trial court expressed its concern that some of the consumers represented by this suit had filed their own suits, creating the possibility of double liability for defendant. The State conceded that the potential for double recovery existed. The State refused to answer interrogatories for particular consumers, contending that defendant at his own expense could send interrogatories to each consumer, pay witness fees and depose each individual.

The circuit court certified the question of law here presented and stayed further proceedings. In November 1990, this court granted the State's motion for leave to appeal. Defendant died in June 1991.

■■ The Consumer Fraud Act confers upon the Attorney General certain investigative and administrative duties to combat unlawful business practices. Section 7 of the Act authorizes the Attorney General to bring an action on behalf of the people and in the public interest to enjoin any proscribed act or practice. (Ill. Rev. Stat. 1989, ch. 121½, par. 267.) That section provides:

"Whenever the Attorney General or a State's Attorney has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this Act to be unlawful, and *that proceedings would be in the public interest,* he or she may bring an action *in the name of the People of the State* against such person to restrain by preliminary or permanent injunction the use of such method, act or practice. *The Court, in its discretion, may* exercise all powers necessary, including but not limited to: injunction; revocation, forfeiture or suspension of any license, charter, franchise, certificate or other evidence of authority of any person to do business in this State; appointment of a receiver; dissolution of domestic corporations or association[;] suspension or termination of the right of foreign corporations or associations to do business in this

State; and *restitution."* (Emphasis added.) Ill. Rev. Stat. 1989, ch. 121½, par. 267.

We conclude that when the Attorney General seeks restitution for individual consumers pursuant to the Consumer Fraud Act, the consumers may not be considered party-plaintiffs for purposes of discovery only.

We believe that the Act explicitly and implicitly evidences the legislature's intent to provide restitution for nonparty consumers, and hold that to treat individual consumers as party-plaintiffs for discovery purposes only under the Consumer Fraud Act is contrary to the Act's purposes and violates statutory construction rules.

The legislature has instructed courts to liberally construe general provisions and terms in order to carry out the true legislative intent. (Ill. Rev. Stat. 1989, ch. 1, par. 1002.) The legislature's intent must be determined by examining the entire statute and by construing material parts together. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 547 N.E.2d 437.) Moreover, we may ascertain such intent from the nature and object of the Act and the consequences of construing it one way or the other. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 547 N.E.2d 437.

■ This court has consistently recognized that the intent of the Consumer Fraud Act is to curb fraudulent abuses and to provide a remedy to persons thereby injured. (*Beaton & Associates, Ltd. v. Joslyn Manufacturing & Supply Co.* (1987), 159 Ill. App. 3d 834, 512 N.E.2d 1286.) The Act was "intended to reach practices of the type which affect consumers generally and is not available as an additional remedy to redress a purely private wrong. [Citations.]" (*Frahm v. Urkovich* (1983), 113 Ill. App. 3d 580, 585-86, 447 N.E.2d 1007, 1011.) Moreover, the Act should be liberally construed to effect the purposes thereof. Ill. Rev. Stat. 1989, ch. 121½, par. 271a; *Kennedy v. First National Bank* (1990), 194 Ill. App. 3d 1004, 551 N.E.2d 1002; *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.* (1989), 190 Ill. App. 3d 524, 546 N.E.2d 33.

■ Even though the transactions underlying this action arose between individual consumers and defendant, the action stems from the Attorney General's duty to enforce the Consumer Fraud Act. An action filed by the Attorney General under the Act is essentially a law enforcement action designed to protect the public, not to benefit private parties. The statute expressly authorizes the Attorney General to enjoin illegal practices and to collect actual damages. (Ill. Rev. Stat. 1989, ch. 121½, par. 267.) Both remedies serve to prevent continued violations of the Act and may promote enforcement of the law. Al-

though restitution may benefit aggrieved consumers, the remedy flows from the basic policy that those who engage in proscribed conduct or practices surrender all profits flowing therefrom. Because the nature and object of the Act and its remedies are indisputably the protection of the public interest, we believe that the legislature intended the State to be the only real party in interest and the only party subject to discovery. Moreover, no express language in the Act indicates otherwise or requires the State to treat the consumers as parties for discovery purposes. As such, we conclude that in authorizing the Attorney General to seek restitution for aggrieved consumers, the legislature did not intend the individual consumers to be treated as parties to the action for any purposes even under a liberal construction of the Act.

Nor do we believe that the Act requires the Attorney General to comply with the discovery rules "as if personally appearing" on behalf of the consumers. We conclude that the availability of restitution does not create an attorney-client relationship between each individual consumer and the Attorney General, even for discovery purposes only. The relationship between the Attorney General and individual consumers pursuant to the Consumer Fraud Act simply lacks traditional attributes of the attorney-client relationship, including: a mutual consent to enter the relationship (*York v. Stiefel* (1982), 109 Ill. App. 3d 342, 440 N.E.2d 440); the client's right to discharge his attorney (*Ellerby v. Spiezer* (1985), 138 Ill. App. 3d 77, 485 N.E.2d 413); and the client's right to control the litigation, to choose to settle or dismiss the case against the attorney's advice (*Herbster v. North American Co. for Life & Health Insurance* (1986), 150 Ill. App. 3d 21, 501 N.E.2d 343). As indicated above, the Attorney General in a consumer fraud action decides to initiate the action, not any individual consumer; the Attorney General has the power to direct the litigation without any input from aggrieved consumers; and the Attorney General owes primary responsibility to the public, not to any individual consumer. Moreover, the Attorney General's role as protector of the public and as the State's legal officer may be inconsistent with the welfare of the individual consumers such that he could not adequately protect their interests. Finally, there is no express provision in the Act which requires the State to act as if personally appearing for consumers for whom it seeks restitution.

In an analogous context, the legislature has authorized the courts to order restitution to victims in criminal actions without creating party status. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6.) Under this statute, the court may order a criminal defendant to make restitution

to a victim who suffered damages proximately caused by the defendant's conduct, even when the information does not name the victim. (*People v. Early* (1987), 158 Ill. App. 3d 232, 511 N.E.2d 847.) Notably, the statute does not create a private cause of action for the victim, provide for discovery of the victim, or create an attorney-client relationship between the victim and the State's Attorney.

We find the following cases from other jurisdictions, cited by the Attorney General in support of its position, instructive: *People v. Pacific Land Research Co.* (1977), 20 Cal. 3d 10, 569 P.2d 125, 141 Cal. Rptr. 20; and *State ex rel. Stephan v. Brotherhood Bank & Trust Co.* (1982), 8 Kan. App. 2d 57, 649 P.2d 419. In *Pacific Land*, the Attorney General brought an action against defendant seeking injunctive relief and restitution for consumers. Defendant there argued that because the Attorney General sought restitution, defendants were entitled to the same procedures available in a class action suit by a private party. The supreme court rejected defendant's argument, finding that the action was essentially a law enforcement action designed to protect the public, not private parties:

> "The request for restitution on behalf of vendees in such an action is only ancillary to the primary remedies sought for the benefit of the public. [Citation.] While restitution would benefit the vendees by the return of the money illegally obtained, such repayment is not the primary object of the suit, as it is in most private class actions." (*Pacific Land Research*, 20 Cal. 3d at 17, 569 P.2d at 129, 141 Cal. Rptr. at 24.)

The court emphasized that the Attorney General, in protecting the public interest, may not be able to adequately represent the consumers' interests. The court also stated that pursuant to its inherent and statutory powers the trial court could grant restitution even if the Attorney General did not request it. Finally, the California court noted that although the class action procedures at issue would allow defendant to better assess his potential liability, the potential civil penalties ($2,500 per violation) were "sufficient incentive to mount a vigorous defense" even absent a claim for restitution. *Pacific Land Research*, 20 Cal. 3d at 20, 569 P.2d at 131, 141 Cal. Rptr. at 26.

In *Brotherhood Bank & Trust*, the Kansas Appellate Court rejected the defendant's argument that the limitations period applicable to a private party barred the State's action under the consumer protection act where the State sought restitution for only one consumer. The court ruled that the State is the real party in interest in a consumer protection case even though the State sought restitution for only one consumer, writing as follows:

"While it is true that one consumer may be particularly benefited, this fact does not detract from the general benefit reaped by the public which the [consumer protection act] seeks to foster.

\*\*\* [I]t is clear that the [act] was enacted in the interest of the public generally. Whether one consumer, ten or one hundred consumers, may receive actual damages as a result of a suit by the attorney general does not diminish the overall benefit to the State's interest in protecting consumers against deceptive and unconscionable acts and practices.

In performing the duties required by the act, the attorney general acts in the interest of the State and for its benefit. Furthermore, there is no express provision in the act subjecting the State to all defenses which would be available against a private consumer." *Brotherhood Bank & Trust*, 8 Kan. App. 2d at 62-63, 649 P.2d at 423-24.

We find these cases well reasoned and instructive. As in *Pacific Land*, although the discovery sought may allow defendant to better assess his potential liability, the State's claim for civil penalties of $50,000 per violation is sufficient incentive to vigorously defend this case. Nor do we believe that defendant will be denied due process if the individual consumers are not treated as party plaintiffs. Procedural due process requires that a defendant be given notice and the opportunity to be heard and to defend in an orderly proceeding. (*Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 480 N.E.2d 1312.) The record indicates that the State provided defendant with an "extensive volume" of records, including consumers' names and addresses and copies of their complaints and other documents. Moreover, the Attorney General indicated that it will answer interrogatories on the State's behalf. Finally, if defendant requires additional discovery, Supreme Court Rule 204 (134 Ill. 2d R. 204) allows defendant to obtain discovery from nonparties. Under the circumstances, we believe that the discovery procedures available to defendant under the Consumer Fraud Act comport with due process.

Nor does James Lann's death subsequent to the filing of this appeal alter our conclusion. It is undisputed that a consumer fraud action does not abate upon a defendant's death. (*People ex rel. Fahner v. Testa* (1983), 112 Ill. App. 3d 834, 445 N.E.2d 1249.) The State's complaint, which also seeks an order barring the depletion or transfer of estate assets, the rescission of consumer contracts and the assessment of costs and penalties, refutes the argument that Lann's death eliminates the State's interest in enjoining the alleged illegal

practices, and reduces the State's interest to consumers' restitution claims.

We recognize the broad discretion normally afforded to the trial court in discovery matters and the broad scope of discovery generally. (*Marsh v. Lake Forest Hospital* (1988), 166 Ill. App. 3d 70, 519 N.E.2d 504.) We also acknowledge the circuit court's concern that certain consumers may receive double recovery against defendant. Nothing in our opinion, however, precludes the circuit court from fashioning an order diminishing the likelihood of double recovery. We conclude that the trial court's order here violates the Act.

For the foregoing reasons, in answering the certified question, we hold that when the Attorney General seeks restitution under the Consumer Fraud Act, individual consumers may not be considered party plaintiffs for discovery purposes only. Accordingly, the order of the circuit court of Cook County is reversed.

Judgment reversed.

EGAN, P.J., and LaPORTA, J., concur.