GEORGE F. CONNELLY, JR., *et al.*, Plaintiffs-Appellants, v. ROBERT J. RIORDAN AND COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—2125

Opinion filed April 29, 1993.

Richard T. Sikes, of Chicago, for appellants.

John J. McInerney, of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee Aetna Insurance Company.

Tribler & Orpett, of Chicago (Willis R. Tribler and Michael R. Stiff, of counsel), for other appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

After their home was destroyed by fire, the plaintiffs, George and Kathleen Connelly, filed an action against the defendants, Robert J. Riordan and Company, Durham and Associates, Inc., John E. Kelleher, and Aetna Insurance Company, seeking to recover the amount of damages for which they were underinsured. The plaintiffs alleged that defendant Kelleher, their insurance broker and an employee of Riordan and Durham, breached an oral agreement with them to adequately insure their home for full value. The plaintiffs further alleged that defendant Aetna was negligent because it assumed the duty of evaluating the value of their home and negligently failed to procure sufficient insurance.

At the close of the plaintiffs' evidence before a jury, the trial court granted the defendants' motion for a directed verdict because the plaintiffs failed to establish a *prima facie* case against either the insurance brokers or Aetna. The plaintiffs appeal the court's entry of a directed verdict and also the court's decision to disallow the testi-

mony of two of the plaintiffs' valuation witnesses for violations of Supreme Court Rule 220. 134 Ill. 2d R. 220.

We begin by summarizing the pertinent facts with respect to the plaintiffs' procurement of insurance from Kelleher. As an adverse witness, Kelleher testified that he was employed by Riordan and Durham as a casualty insurance broker. Kelleher had been serving as the plaintiffs' insurance broker since 1972. In 1982, the plaintiffs requested that Kelleher obtain replacement insurance on their home in Grand Beach, Michigan. The plaintiffs sent Kelleher a letter with a copy of their Hartford insurance policy which was about to expire. The Hartford policy specified that the replacement cost on the home was $150,000 and the house was insured on that policy for $135,000, or 90% of its replacement value. Kelleher filled out an insurance application for $150,000 and sent it to Aetna.

George Connelly testified that his home in Grand Beach, Michigan, was completely destroyed by fire on July 4, 1985. Connelly was employed as a mechanical contractor and held real estate licences in Michigan and Illinois. In 1982, Connelly asked Kelleher to provide homeowner's insurance for his Michigan home. He testified that he sent Kelleher a letter with a copy of his expiring insurance policy for $135,000 and requested that Kelleher provide "comparable replacement insurance" on his home. In June 1982, Connelly received a letter from Kelleher which included the new homeowner's policy, effective March 1982 for a one-year term. The coverage amount was $157,000 which represented 90% of the home's replacement value. Connelly testified that he reviewed the policy and checked the policy limits and paid the premium. He stated that he did not object or complain to anyone about the amount of insurance coverage. In 1983, the Aetna policy was converted to Insurance Company of North America and renewed for $171,000 for a one-year term. In 1984, the policy was renewed for $172,000. Connelly reviewed each policy and its limits and paid the premiums.

On appeal, the plaintiffs claim that the court erred in granting a directed verdict for the broker-defendants because their liability rests upon Kelleher's failure to properly perform his duty and agreement as an insurance broker to provide replacement coverage on their home. In their complaint, the plaintiffs alleged that the home and its contents were underinsured by $438,500.

A directed verdict should be granted "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & East-*

*ern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) In their complaint and on appeal, the plaintiffs contend that Kelleher breached his oral agreement to insure their home to its full value.

■■ An insurance broker is bound to exercise reasonable skill and diligence in the transaction of the business entrusted to him and to faithfully negotiate and procure an insurance policy according to the wishes and requirements of his client. (*Economy Fire & Casualty Co. v. Bassett* (1988), 170 Ill. App. 3d 765, 525 N.E.2d 539; *Pittway Corp. v. American Motorists Insurance Co.* (1977), 56 Ill. App. 3d 338, 370 N.E.2d 1271.) A broker is not liable if he acts in good faith and with reasonable care, skill, and diligence to place the insurance in compliance with his principal's instructions. *Shults v. Griffin-Rahn Insurance Agency, Inc.* (1990), 193 Ill. App. 3d 453, 550 N.E.2d 232.

■■ We have not found any evidence in the record to substantiate the plaintiffs' claim that Kelleher breached an oral agreement. Essentially, Connelly requested that Kelleher provide him with insurance that was comparable to his then existing policy of $135,000. Connelly mailed Kelleher a copy of that policy. Kelleher obtained a policy from Aetna for $157,000. Connelly reviewed the terms of that policy, did not object to the policy, and paid the premium. In two subsequent years, Connelly renewed the policy and paid the premiums. There is no evidence in the record to support the plaintiffs' assertion that Kelleher orally agreed to obtain insurance other than that which was requested and which he procured. We further believe Kelleher acted in good faith and exercised reasonable diligence in procuring insurance in compliance with the plaintiffs' request.

Accordingly, the evidence so overwhelmingly favored Kelleher and his employers that a directed verdict was properly entered in their favor.

With respect to Aetna, the plaintiffs presented the testimony of Florence Zielinski, a former Aetna employee. Zielinski testified that she was taught to compute replacement costs for insurance coverage by using a chart which consisted of ground square feet in a home, the number of stories, factors pertaining to the construction of the dwelling, and a location factor. Zielinski was shown the plaintiffs' application for home insurance and she noted that the number of square feet had been changed from 3,000 square feet to 2,000 square feet. Zielinski did not know whether the amount of insurance was calculated based upon 2,000 or 3,000 ground square feet. Zielinski did not know who ultimately made the calculation on the plaintiffs' application. Zielinski also stated that a drive-by inspection of the plaintiffs' home was ordered in April 1982.

The plaintiffs' argument on appeal with regard to Aetna is that Aetna assumed a duty and negligently performed that duty. The plaintiffs rely on *Nelson v. Union Wire Rope Corp.* (1963), 39 Ill. App. 2d 73, 187 N.E.2d 425, for the legal proposition that one who assumes a duty and negligently performs that duty is liable.

We assume that the plaintiffs are referring to the fact that Aetna assumed the duty to accurately measure the ground square footage of their home and because they did so negligently, they should be liable. Other than the plaintiffs' assertion that this was the "predicate for the ultimate determination," there is no evidence to tie this calculation to the amount of insurance which Aetna provided. To the contrary, Zielinski's testimony illustrates that several factors were used to compute replacement costs, only one of them being ground square footage. Moreover, Zielinski could not determine which square footage number had ultimately been used to calculate the issued insurance.

As we have already discussed in this opinion, the plaintiffs requested insurance which was comparable to their previous policy. Aetna provided comparable insurance. It is well established in Illinois that the individual insured bears the burden of knowing the contents of insurance policies and has an affirmative duty of bringing any discrepancies in the policy to the attention of the insurer. (*Foster v. Crum & Forster Insurance Cos.* (1976), 36 Ill. App. 3d 595, 345 N.E.2d 49.) The law has not imposed on an insurer the duty of reviewing the adequacy of an insured's coverage, and when the premiums become due, the insured has the option of accepting, rejecting, or requesting a modification of the terms of the policy. (*Cleary v. Country Mutual Insurance Co.* (1978), 63 Ill. App. 3d 637, 380 N.E.2d 525.) Accordingly, we find that the plaintiffs failed to present any evidence of Aetna's negligence and the court properly granted a directed verdict in their favor.

Having concluded that the plaintiffs failed to provide any evidence of the defendants' liability, we need not address their contention that two valuation witnesses were improperly barred from testifying.

For all of the aforementioned reasons, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.