BARBARA MACKINAC, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. ARCADIA NATIONAL LIFE INSURANCE COMPANY et al., Defendants-Appellees.

First District (4th Division)   No. 1—93—2446

Opinion filed March 9, 1995.

Holstein, Mack & Klein, of Chicago (Aaron D. Robinson and Robert A. Holstein, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (James T. Nyeste, of counsel), for appellee Arcadia National Life Insurance Company.

Querrey & Harrow, Ltd., of Chicago (Ellen S. Martin, of counsel), for appellee Rizza Chevrolet, Inc.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiff, Barbara Mackinac, appeals the dismissal of her fourth-amended complaint alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/2 (West 1992)).

Plaintiff questions whether (1) the court erred in finding that her complaint failed to state a claim on which relief could be granted, and (2) plaintiff has a private right of action under section 155.56 of the Illinois Insurance Code (Code) (215 ILCS 5/155.56 (West 1992)).

The fourth-amended class action complaint alleged as follows. On January 30, 1988, plaintiff entered into a retail installment contract for the purchase of a 1983 automobile from defendant, Rizza Chevrolet, through Rizza employee R.B. Bert. As part of the financing transaction, Bert and Rizza, on behalf of defendant, Arcadia National Life Insurance, "marketed and sold" to plaintiff a credit life and disability policy underwritten by Arcadia. Bert and Rizza were allegedly acting as insurance agents for Arcadia, "licensed in Illinois to sell credit life and disability insurance to purchasers of automobiles at Rizza." Although Rizza's installment contract stated that credit insurance was not required, it provided that such insurance was available at designated rates subject to the buyer's authorization. At the time of contracting, defendants failed to give plaintiff a copy of her policy or a certificate of insurance, but assured her that she would receive such documentation by mail. Plaintiff eventually did receive a copy of the policy on November 29, 1989.

On May 24, 1989, plaintiff was diagnosed with diabetes retinopathy, a diabetes-related eye disorder, and classified as disabled by her physician. Plaintiff submitted a claim to Arcadia under her policy, but Arcadia denied coverage based upon an exclusion for claims arising from a condition diagnosed prior to the commencement of the policy (hereinafter preexisting condition restriction or exclusion). While not disputing that her disability fell within the restriction, plaintiff alleged that Arcadia, Rizza, and Bert violated section 2 of the Act by purposefully failing to apprise her of the policy's "good health" requirement at the time of contracting. Specifically, defendants knowingly failed to tender plaintiff a copy of the policy or certificate of insurance as required under Code section 155.56. (215 ILCS 5/155.56(c), (d) (West 1992).) Additionally, Bert and Rizza neither discussed material policy restrictions with plaintiff nor inquired into her health; instead, they merely informed her she was "insured" as of January 30, 1988. Plaintiff alleged that by this failure, defendants intended to deceive her into believing there were no material policy restrictions and that she would be covered under all circumstances. Plaintiff relied upon defendants' alleged misrepresentations in electing not to purchase alternative or supplemental coverage.

Arcadia and Rizza responded to the complaint with motions to dismiss. (735 ILCS 5/2—615 (West 1992).) Defendants argued, *inter*

*alia*, that plaintiff failed to allege that they deceptively concealed the policy restrictions within the meaning of the Act. In particular, defendants argued that the complaint failed to demonstrate that they had a duty to apprise plaintiff of the policy terms or restrictions, especially where she admittedly never told them about her diabetic condition.

Following a hearing, the trial court dismissed plaintiff's fourth-amended complaint and gave her leave to replead. Plaintiff failed to do so, and the court thereafter dismissed the action with prejudice. The instant appeal followed.

Plaintiff argues that the court erred in determining that her complaint failed to state a claim under the Act. In considering a motion to dismiss, this court accepts as true all well-pleaded facts and inferences permissible from those facts. (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 46-47, 566 N.E.2d 1365; *Greenberg v. United Air Lines* (1990), 206 Ill. App. 3d 40, 44, 563 N.E.2d 1031.) Dismissal is proper only where no set of facts as pleaded by plaintiff could possibly state a cause of action. (*Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 629, 379 N.E.2d 1206.) In complaints under section 2 of the Act, the plaintiff must allege specific facts supporting each element of her claim. *People ex rel. Hartigan v. E&E Hauling, Inc.* (1992), 153 Ill. 2d 473, 492, 607 N.E.2d 165.

Section 2 prohibits:

> "Unfair methods of competition and unfair or deceptive acts or practices, including *** the use or employment of any deception, fraud, *** misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, *** in the conduct of any trade or commerce ***[,] whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 1992).

■■ To state a claim under this section, plaintiff must allege and prove (1) the misrepresentation or concealment of a material fact; (2) an intent by the defendant that plaintiff rely on that misrepresentation or concealment; and (3) the deception occurred in the course of conduct involving trade or commerce. (815 ILCS 505/2 (West 1992); *Siegel v. Levy Organization Development Co.* (1992), 153 Ill. 2d 534, 607 N.E.2d 194.) An omission is "material" if the plaintiff would have acted differently had she been aware of it, or if it concerned the type of information upon which she would be expected to rely in making her decision to act. (*Totz v. Continental Du Page Acura* (1992), 236 Ill. App. 3d 891, 902-03, 602 N.E.2d 1374.) The element of intent is relaxed under the Act and does not mandate that defendant have

intended to deceive plaintiff; rather, the misrepresentation or omission may be innocent, as long as it was intended to induce plaintiff's reliance. (*Breckenridge v. Cambridge Homes, Inc.* (1993), 246 Ill. App. 3d 810, 822, 616 N.E.2d 615; *Rubin v. Marshall Field & Co.* (1992), 232 Ill. App. 3d 522, 533, 597 N.E.2d 688; *Duran v. Leslie Oldsmobile, Inc.* (1992), 229 Ill. App. 3d 1032, 1039, 594 N.E.2d 1355.) The Act is to be construed liberally to effect its purposes (*People ex rel. Hartigan v. Lann* (1992), 225 Ill. App. 3d 236, 240, 587 N.E.2d 521), but may not be used to transform nondeceptive and nonfraudulent omissions into actionable affirmations. *Harkala v. Wildwood Realty, Inc.* (1990), 200 Ill. App. 3d 447, 453, 558 N.E.2d 195; *Salkeld v. V.R. Business Brokers* (1989), 192 Ill. App. 3d 663, 678, 548 N.E.2d 1151.

Plaintiff alleged that defendants concealed a material fact by failing to provide her a copy of the policy or certificate of insurance under Code section 155.56 (215 ILCS 5/155.56 (West 1992)) or by otherwise omitting to inform her of the preexisting condition restriction.

■ Section 155.56 of the Code mandates that a credit life policy or certificate of insurance generally be delivered to the insured debtor at the time the indebtedness is incurred. (215 ILCS 5/155.56(c) (West 1992).) The policy or certificate must contain, *inter alia*, "a description of the amount, term and coverage including any exceptions, limitations or restrictions" to coverage. (215 ILCS 5/155.56(b) (West 1992).) Where the policy or certificate is not delivered at the time of contracting, the debtor must be given a copy of the policy application or a notice of proposed insurance, containing a "description of the amount, term and coverage provided." The insurer must then deliver the policy or certificate to the insured within 30 days after the indebtedness is incurred. 215 ILCS 5/155.56(d) (West 1992).

■ We know of no case recognizing a violation of section 155.56 as actionable under the Act. However, assuming, *arguendo*, that section 155.56 imposed a duty upon defendants to furnish plaintiff a copy of her policy and its restrictions long prior to the date she finally received it, plaintiff has not shown that the failure to do so in this case amounted to a "deceptive act or practice."

First, there were no facts showing that the failure to forward the policy was calculated to induce plaintiff's reliance. (See *Totz*, 236 Ill. App. 3d at 903.) Plaintiff did not allege that defendants knew of her diabetic condition or that they had any basis to suspect that the preexisting condition restriction would be of concern to her. Without such knowledge, defendants could not have affirmatively intended that plaintiff rely upon their alleged failure to disclose the exclusion.

Further, there was no suggestion that defendants led plaintiff to believe the policy was devoid of restrictions. Instead, the only representation made by defendants was that plaintiff was generally insured as of the date of the contract. This statement was in fact true and cannot form the basis of a claim under the Act.

■ Plaintiff also alleges that defendants violated the Act by failing to verbally inform her of the policy restrictions. However, in order to state a claim for concealment under the Act, plaintiff must show that defendant remained silent under circumstances creating a duty to speak. (See, *e.g.*, *Seligman v. First National Investments, Inc.* (1989), 184 Ill. App. 3d 1053, 1064, 540 N.E.2d 1057; *Browder*, 62 Ill. App. 3d 623, 379 N.E.2d 1206 (where car dealer proves to be insured's agent in procuring policy, dealer has fiduciary duty to inform insured of cheaper available coverage and failure to do so is cognizable under the Act).) Absent an agency relationship between the insured and insurance agent, an insurance agent has no general obligation to apprise the insured of facts detrimental to her coverage. (*Bellmer v. Charter Security Life Insurance Co.* (1982), 105 Ill. App. 3d 234, 238, 433 N.E.2d 1362; see also *Connelly v. Robert J. Riordan & Co.* (1993), 246 Ill. App. 3d 898, 902, 617 N.E.2d 76; *Browder*, 62 Ill. App. 3d 623, 379 N.E.2d 1206.) In this case, plaintiff failed to allege that Rizza was her agent or insurance broker or that it stood in any type of fiduciary relationship with her. Additionally, there was no suggestion that plaintiff ever inquired about her policy terms or restrictions until after her claim was rejected. Finally, as stated above, plaintiff failed to allege that defendants had any knowledge of her diabetes. Thus, their failure to inform her of the preexisting condition restriction, standing alone, was not a deceptive act. Accordingly, the court properly dismissed plaintiff's complaint.

■ Plaintiff next argues that she has an implied cause of action under section 155.56 of the Code. We note, however, that plaintiff never renewed this claim after her first-amended complaint and that the fourth-amended complaint pertained solely to the Act. Where a party files an amended complaint, he waives all objection to the trial court's ruling on former pleadings unless he reasserts those claims he desires to preserve. (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 154, 449 N.E.2d 125; *Du Page Aviation Corp., Flight Services, Inc. v. Du Page Airport Authority* (1992), 229 Ill. App. 3d 793, 799, 594 N.E.2d 1334.) Because this claim did not appear in the fourth-amended complaint, it is not before us.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL and THEIS, JJ., concur.