RONALD FURTAK *et al.*, Plaintiffs-Appellants, v. ROBERT MOFFETT *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—95—3151

Opinion filed October 4, 1996.

Carponelli & Krug, P.C., of Chicago (Stephen P. Carponelli, Robert F. Krug, Jr., and Albert M.T. Finch III, of counsel), for appellants.

Williams & Montgomery, Ltd., of Chicago (James K. Horstmann, Mary A. Sliwinski, David E. Morgans, Barry L. Kroll, and Lloyd E. Williams, Jr., of counsel), for appellee Robert Moffett.

William J. Sneckenberg & Associates, of Chicago (William J. Sneckenberg and Stephen M. Thompson, of counsel), for appellee Illinois Farmers Insurance Co.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs Ronald and Bernice Furtak appeal from the trial court order granting summary judgment on their action against defendants Illinois Farmers Insurance Company and insurance agent Robert Moffett. We affirm.

In 1975, plaintiffs purchased their home in Highland Park, Illinois, for $94,000. In 1977, plaintiffs met with insurance agent Moffett in their home. According to plaintiffs, they requested that Moffett provide insurance that would fully cover their home against all loss, and Moffett offered them a policy that would fully cover their home even in the worst case scenario. Plaintiffs also claim that Moffett had free rein to inspect their property and was informed of the ongoing construction and improvements to the house.

Plaintiffs purchased homeowners' insurance from Illinois Farmers which provided $100,000 in coverage for the structure and $50,000 for the contents of the home. The policy provided for the automatic adjustment of policy limits to reflect changes in economic conditions. Plaintiffs claim that Moffett informed them that the coverage would increase every year and cover any losses plaintiffs might have. The policy had a notation stating that the interior and exterior were being completely renovated and remodeled.

Plaintiffs renewed the policy annually for the next 15 years. Throughout this time, plaintiffs converted the interior of the home from five apartments to a single-family home and completely renovated and lavishly decorated the home. Plaintiffs never advised Moffett of the improvements or the increased value of their home, and Moffett never inquired as to whether the home had in fact been renovated. Plaintiffs' home was destroyed by fire on May 21, 1992. At the time of the fire, plaintiffs' home was insured for $198,000 and their personal property for $108,000. Following the fire, plaintiffs' residence was appraised at $1.3 million and the contents valued at in excess of $858,000.

Plaintiffs brought suit against defendants, alleging breach of oral contract, negligent misrepresentation, breach of fiduciary duty, and

negligent performance of a voluntary undertaking to advise plaintiffs that their home may be inadequately insured. The trial court granted defendants' motion for summary judgment on all counts. Only the negligent performance of a voluntary undertaking and breach of contract counts are at issue in this appeal.

Plaintiffs acknowledge that the insured bears the burden of knowing the contents of insurance policies and has an affirmative duty to bring any discrepancies in the policy to the attention of the insurer. *Connelly v. Robert J. Riordan & Co.*, 246 Ill. App. 3d 898, 617 N.E.2d 76 (1993). Furthermore, the law does not impose a duty on the insurer to review the adequacy of an insured's coverage, and when the premiums become due, the insured has the option of accepting, rejecting, or requesting a modification of the terms of the policy. *Connelly*, 246 Ill. App. 3d at 902.

Plaintiffs claim, however, that defendants are liable for "recognizing that its insureds were not adequately insured and for voluntarily attempting to remedy that situation in a careless, negligent and phlegmatic fashion." Plaintiffs argue that defendants' voluntary undertaking is evidenced by: (1) Farmers' institution in the late 1980s of the Farmers Friendly Review marketing program, which encouraged agents to contact insureds regularly to make sure that they had adequate insurance coverage on their homes and personal possessions; (2) Farmers' distribution in 1989 of field and procedure bulletins stating that many of their insureds did not have adequate insurance coverage on their homes and possessions and suggesting that agents send their insureds an article discussing the possibility of inadequate insurance and the need for the insureds to review their coverage; (3) a field bulletin distributed by Farmers in early 1992, encouraging agents to review the adequacy of policy limits without waiting for calls or renewal dates; (4) the implementation of the computerized dwelling replacement cost program, which developed lists of those insureds who were 31% underinsured and who were to be contacted by the agency force before renewal; and (5) Moffett's conducting of a review of his policies as renewal dates approached to determine whether coverage was adequate. Plaintiffs claim that although defendants undertook to evaluate the adequacy of their insureds' coverage, give notice to those insureds who were inadequately insured, and increase the coverage of those insureds who were inadequately insured, defendants' actions were negligent since they never contacted plaintiffs regarding their inadequate insurance coverage.

■ Pursuant to the voluntary undertaking theory of liability, one who voluntarily undertakes to render services to another is subject

to liability for bodily harm caused by the failure to exercise reasonable care in performing that undertaking. *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 605 N.E.2d 557 (1992); *Decker v. Domino's Pizza, Inc.*, 268 Ill. App. 3d 521, 644 N.E.2d 515 (1994). Plaintiffs' claim against defendants, however, does not seek to hold defendants liable for any bodily harm but, rather, for failure to procure adequate insurance that would have covered the damage to plaintiffs' property. The voluntary undertaking doctrine is therefore inapplicable to the facts of this case.

■ Furthermore, under the voluntary undertaking theory of liability, the duty of care to be imposed upon a defendant is limited to the extent of its undertaking. *Frye*, 153 Ill. 2d 26 (pharmacist's undertaking to warn of one side effect of drug does not make him liable for failing to warn of other side effects of taking the drug). The fact that defendants instituted procedures to determine whether their insureds were underinsured and Farmers encouraged their agents to inform their insureds that they should evaluate the adequacy of their coverage does not impose upon them a duty to warn plaintiffs of their inadequate insurance. Plaintiffs do not claim that their house was underinsured in 1977 but, rather, that the coverage became inadequate after they completely renovated their home, sometime during the next 15 years. Plaintiffs never informed defendants of the extensive improvements to or the substantial change in value of their home. In fact, plaintiffs were unaware of the value of their home since no appraisal was done prior to the fire, and they admitted that they did not know the value of their personal property. Therefore, none of the programs instituted by Farmers or procedures carried out by Moffett would have revealed to defendants that plaintiffs were underinsured. Furthermore, Farmers did not institute a policy requiring their agents to contact their insureds. Farmers merely suggested that agents inform their insureds that they should determine whether they have adequate coverage. Defendants thus did not undertake a duty to inform plaintiffs about the possibility of inadequate coverage.

■ We now turn to plaintiffs' breach of contract claim. Plaintiffs claim that a question of fact exists as to whether defendants breached an oral contract to procure an insurance policy that would fully cover their home. Plaintiffs contend that they specifically requested, and Moffett agreed to procure, an insurance policy that would fully cover their home for any loss and that Moffett informed them that the policy would automatically increase each year to cover any losses to their home. Plaintiffs claim that defendants had a contractual duty between 1977 and 1992 to review the adequacy of their insurance to ensure that they would be adequately covered for any loss.

This alleged oral contractual agreement to review the adequacy of plaintiffs' insurance each year is incapable of being performed within a one-year period. It is therefore unenforceable under the statute of frauds. 740 ILCS 80/1 (West 1994); *Sinclair v. Sullivan Chevrolet Co.*, 31 Ill. 2d 507, 202 N.E.2d 516 (1964); *R.J.N. Corp. v. Connelly Food Products, Inc.*, 175 Ill. App. 3d 655, 529 N.E.2d 1184 (1988).

Even if plaintiffs' claim was not barred by the statute of frauds, a promise that the policy would "fully cover" the home is simply too vague to be enforceable. See *Shults v. Griffin-Rahn Insurance Agency, Inc.*, 193 Ill. App. 3d 453, 458, 550 N.E.2d 232 (1990) (term "reasonable amount" is too vague); *Friederich v. Board of Education of Community Unit School District No. 304*, 59 Ill. App. 3d 79, 82, 375 N.E.2d 141 (1978) (term "adequate insurance" is too vague).

Accordingly, for the reasons set forth above, the trial court order granting summary judgment in defendants' favor is affirmed.

Affirmed.

COUSINS and HOURIHANE, JJ., concur.