FIFTH DIVISION
 October 4, 1996







No. 1-95-3151

RONALD and BERNICE FURTAK, ) Appeal from the
 ) Circuit Court of
 Plaintiffs-Appellants, ) Cook County.
 )
 v. )
 )
ROBERT MOFFETT, Indiv. and ) Honorable
ILLINOIS FARMERS INSURANCE COMPANY, ) Willard J. Lassers,
 ) Judge Presiding.
 Defendants-Appellees. )

 PRESIDING JUSTICE McNULTY delivered the opinion of the court:

 Plaintiffs Ronald and Bernice Furtak appeal from the trial
court order granting summary judgment on their action against
defendants Illinois Farmers Insurance Company and insurance agent
Robert Moffett. We affirm.
 In 1975, plaintiffs purchased their home in Highland Park,
Illinois, for $94,000. In 1977, plaintiffs met with insurance agent
Moffett in their home. According to plaintiffs, they requested that
Moffett provide insurance that would fully cover their home against
all loss, and Moffett offered them a policy that would fully cover
their home even in the worst case scenario. Plaintiffs also claim
that Moffett had free rein to inspect their property and was
informed of the ongoing construction and improvements to the house. 
 Plaintiffs purchased home owners' insurance from Illinois
Farmers which provided $100,000 in coverage for the structure and
$50,000 for the contents of the home. The policy provided for the
automatic adjustment of policy limits to reflect changes in economic
conditions. Plaintiffs claim that Moffett informed them that the
coverage would increase every year and cover any losses plaintiffs
might have. The policy had a notation stating that the interior and
exterior were being completely renovated and remodeled. 
 Plaintiffs renewed the policy annually for the next 15 years. 
Throughout this time, plaintiffs converted the interior of the home
from five apartments to a single-family home and completely
renovated and lavishly decorated the home. Plaintiffs never advised
Moffett of the improvements or the increased value of their home,
and Moffett never inquired as to whether the home had in fact been
renovated. Plaintiffs' home was destroyed by fire on May 21, 1992. 
At the time of the fire, plaintiffs' home was insured for $198,000
and their personal property for $108,000. Following the fire,
plaintiffs' residence was appraised at $1.3 million, and the
contents valued at excess of $858,000. 
 Plaintiffs brought suit against defendants, alleging breach of
oral contract, negligent misrepresentation, breach of fiduciary
duty, and negligent performance of a voluntary undertaking to advise
plaintiffs that their home may be inadequately insured. The trial
court granted defendants' motion for summary judgment on all counts. 
Only the negligent performance of a voluntary undertaking and breach
of contract counts are at issue in this appeal. 
 Plaintiffs acknowledge that the insured bears the burden of
knowing the contents of insurance policies and has an affirmative
duty to bring any discrepancies in the policy to the attention of
the insurer. Connelly v. Robert J. Riordan, & Co., 246 Ill. App. 3d
898, 617 N.E.2d 76 (1993). Furthermore, the law does not impose a
duty on the insurer to review the adequacy of an insured s coverage,
and when the premiums become due, the insured has the option of
accepting, rejecting, or requesting a modification of the terms of
the policy. Connelly, 246 Ill. App. 3d at 902.
 Plaintiffs claim, however, that defendants are liable for
"recognizing that its insureds were not adequately insured and for
voluntarily attempting to remedy that situation in a careless,
negligent and phlegmatic fashion." Plaintiffs argue that
defendants voluntary undertaking is evidenced by: (1) Farmers'
institution in the late 1980s of the Farmers Friendly Review
marketing program, which encouraged agents to contact insureds
regularly to make sure that they had adequate insurance coverage on
their homes and personal possessions; (2) Farmers' distribution in
1989 of field and procedure bulletins stating that many of their
insureds did not have adequate insurance coverage on their homes and
possessions and suggesting that agents send their insureds an
article discussing the possibility of inadequate insurance and the
need for the insureds to review their coverage; (3) a field bulletin
distributed by Farmers in early 1992, encouraging agents to review
the adequacy of policy limits without waiting for calls or renewal
dates; (4) the implementation of the computerized dwelling
replacement cost program, which developed lists of those insureds
who were 31% underinsured and who were to be contacted by the agency
force before renewal; and (5) Moffett s conducting of a review of
his policies as renewal dates approached to determine whether
coverage was adequate. Plaintiffs claim that although defendants
undertook to evaluate the adequacy of its insureds coverage, give
notice to those insureds who were inadequately insured, and increase
the coverage of those insureds who were inadequately insured,
defendants actions were negligent since they never contacted
plaintiffs regarding their inadequate insurance coverage.
 Pursuant to the voluntary undertaking theory of liability, one
who voluntarily undertakes to render services to another is subject
to liability for bodily harm caused by the failure to exercise
reasonable care in performing that undertaking. Frye v. Medicare-
Glaser Corp., 153 Ill. 2d 26, 605 N.E.2d 557 (1992); Decker v.
Domino s Pizza, Inc., 268 Ill. App. 3d 521, 644 N.E.2d 515 (1994). 
Plaintiffs' claim against defendants, however, does not seek to hold
defendants liable for any bodily harm, but rather for failure to
procure adequate insurance that would have covered the damage to
plaintiffs' property. The voluntary undertaking doctrine is
therefore inapplicable to the facts of this case. 
 Furthermore, under the voluntary undertaking theory of
liability, the duty of care to be imposed upon a defendant is
limited to the extent of its undertaking. Frye, 153 Ill. 2d 
26(pharmacist's undertaking to warn of one side effect of drug does
not make him liable for failing to warn of other side effects of
taking the drug). The fact that defendants instituted procedures to
determine whether their insureds were underinsured and Farmers
encouraged their agents to inform their insureds that they should
evaluate the adequacy of their coverage does not impose upon them a
duty to warn plaintiffs of their inadequate insurance. Plaintiffs
do not claim that their house was underinsured in 1977, but rather
that the coverage became inadequate after they completely renovated
their home, sometime during the next 15 years. Plaintiffs never
informed defendants of the extensive improvements or the substantial
change in value of their home. In fact, plaintiffs were unaware of
the value of their home since no appraisal was done prior to the
fire, and they admitted that they did not know the value of their
personal property. Therefore, none of the programs instituted by
Farmers or procedures carried out by Moffett would have revealed to
defendants that plaintiffs were underinsured. Furthermore, Farmers
did not institute a policy requiring their agents to contact their
insureds. Farmer's merely suggested that agents inform their
insureds that they should determine whether they have adequate
coverage. Defendants thus did not undertake a duty to inform
plaintiffs about the possibility of inadequate coverage. 
 We now turn to plaintiffs' breach of contract claim. 
Plaintiffs claim that a question of fact exists as to whether
defendants breached an oral contract to procure an insurance policy
that would fully cover their home. Plaintiffs contend that they
specifically requested, and Moffett agreed to procure, an insurance
policy that would fully cover their home for any loss and that
Moffett informed them that the policy would automatically increase
each year to cover any losses to their home. Plaintiffs claim that
defendants had a contractual duty between 1977 and 1992 to review
the adequacy of their insurance to ensure that they would be
adequately covered for any loss. 
 This alleged oral contractual agreement to review the adequacy
of plaintiffs' insurance each year is incapable of being performed
within a one-year period. It is therefore unenforceable under the
statute of frauds. 740 ILCS 80/1 (West 1994); Sinclair v. Sullivan
Chevrolet Co., 31 Ill. 2d 507, 202 N.E.2d 516 (1964); R.J.N. Corp.
v. Connelly Food Products, Inc., 175 Ill. App. 3d 655, 529 N.E.2d
1184 (1988). 
 Even if plaintiffs' claim was not barred by the statute of
frauds, a promise that the policy would "fully cover" the home is
simply too vague to be enforceable. See Shults v. Griffin-Rahn
Insurance Agency, Inc., 193 Ill. App. 3d 453, 458, 550 N.E.2d 232
(1990)(term "reasonable amount" is too vague); Friederich v. Board
of Education of Community Unit School District No. 304, 59 Ill. App.
3d 79, 82, 375 N.E.2d 141 (1978)(term "adequate insurance" is too
vague). 
 Accordingly, for the reasons set forth above, the trial court
order granting summary judgment in defendants' favor is affirmed.
 Affirmed.
 COUSINS and HOURIHANE, JJ., concur.