OSCAR PERRY *et al*., Plaintiffs-Appellees, v. ECONOMY FIRE AND CASUALTY COMPANY, Defendant-Appellant (Tyrone Morris, a Minor, By Angela Morris, His Mother and Next Friend, Defendant-Appellee).

First District (1st Division)   No. 1—99—1479

Opinion filed December 30, 1999.

Stellato & Schwartz, Ltd., of Chicago (Esther Joy Schwartz, Richard D. Foody, and Donald E. Stellato, of counsel), for appellant.

Much Shelist Freed Denenberg Ament & Rubenstein, P.C., of Chicago (Anthony C. Valiulis, Joanne A. Sarasin, and Wendy B. Kahn, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

This appeal involves an insurance coverage dispute. The issue in this case is whether defendant-appellant, Economy Fire & Casualty Company (Economy), gave its insureds, Oscar Perry and Minnie Perry, plaintiffs-appellees (the insureds), proper notice of a change in coverage in their insurance policy at the time of renewal. This change was a newly added exclusion for injuries resulting from exposure to lead-based paint (lead paint exclusion). The other party involved in this appeal is defendant-appellee, Tyrone Morris, a minor, by Angela Morris, his mother and next friend (the minor tenant), who has filed suit against the insureds alleging injuries caused by his ingestion of lead-based paint on property that his family rented from the insureds. Economy now appeals from the trial court's order of April 2, 1999, denying its motion for summary judgment and granting the cross-motion for summary judgment of the minor tenant and the insureds. We conclude that Economy did not give proper notice of the lead paint exclusion and is obligated to afford a defense to the insureds under the terms of their insurance policy. We affirm.

■ An insured bears the burden of knowing the contents of insurance policies. *Furtak v. Moffett*, 284 Ill. App. 3d 255, 671 N.E.2d 827, 829 (1996). This general rule applies to original, newly issued policies. The present case, however, involves a policy renewal. The insured's affirmative duty to review the terms of the original policy does not extend to a renewal policy that has been modified. It has been stated that "it is inequitable to require an insured to search the fine print of each renewal policy." (Emphasis added.) *Government Employees Insurance Co. v. United States*, 400 F.2d 172, 175 (10th Cir. 1968). Rather, it is the insurer who has a duty in that instance to adequately inform the insured of the changes to the policy. At the time of renewal here, the Illinois legislature had clearly defined this duty in section 143.17a of the Illinois Insurance Code (215 ILCS 5/143.17a (West 1992)) (the Act), the relevant portions of which state as follows:

"§ 143.17a. Notice of Intention Not to Renew. a. No company shall fail to renew any policy of insurance, to which Section 143.11 applies, except for those defined in subsections (a), (b) and (c) of Section 143.13, unless it shall send by mail to the named insured at least 60 days advance notice of its intention not to renew. ***

b. This Section does not apply if the company has manifested its willingness to renew directly to the named insured. Provided, however, that no company may increase the renewal premium on any policy of insurance to which Section 143.11 applies, except for those defined in subsections (a), (b) and (c) of Section 143.13, by 30% or more, nor impose changes in deductibles or coverage that materially alter the policy, unless the company shall have mailed or delivered to the named insured written notice of such increase or change in deductible or coverage at least 60 days prior to the renewal or anniversary date. \*\*\*

c. Should a company fail to comply with the notice requirements of this Section, the policy shall terminate only as provided in this subsection. In the event notice is provided at least 31 days, but less than 60 days prior to expiration of the policy, the policy shall be extended for a period of 60 days or until the effective date of any similar insurance procured by the insured, whichever is less, on the same terms and conditions as the policy sought to be terminated. In the event notice is provided less than 31 days prior to the expiration of the policy, the policy shall be extended for a period of one year or until the effective date of any similar insurance procured by the insured, whichever is less, on the same terms and conditions as the policy sought to be terminated unless the insurer has manifested its willingness to renew at a premium which represents an increase not exceeding 30%." 215 ILCS 5/143.17a (West 1992).

■ The Act is controlling here. The lead paint exclusion constituted a material change in coverage to the insureds' original policy, which did not contain the lead paint exclusion. As the trial court correctly noted, the new exclusion would have the ultimate effect of excluding a form of coverage and protection to the insured such as that now involved in the underlying lawsuit of the minor tenant.

We find meritless Economy's arguments that the exclusion did not materially alter the policy. Economy claims that, at the time it added the lead paint exclusion, it believed that another exclusion in the original policy, the absolute pollution exclusion, would have also barred coverage for injuries from lead-based paint. Ergo, Economy argues, this "belief" on its part rendered the lead paint exclusion a mere policy "clarification." Economy has pointed to nothing in the record that indicates that the modification was in fact considered to be, or presented to the insureds as, a clarification of the absolute pollution exclusion rather than a newly added separate exclusion. In any event, Economy is wrong. Whether a change is material is not determined by what an insurer claims it believes to be material. Rather, "as a matter of law, the standard pollution exclusion found in general liability policies does not preclude coverage for personal injuries arising out of a

minor's ingestion of lead." *Insurance Co. v. Stringfield,* 292 Ill. App. 3d 471, 476, 685 N.E.2d 980, 984 (1997). Thus, the addition of the lead paint exclusion precluding such coverage was a material change in the policy and the Act's notice requirement applies.

Economy's arguments regarding constructive notice are irrelevant in view of the clear statutory mandate regarding proper *actual* notice. Economy contends, nevertheless, that it provided actual notice. The pertinent document is Form FF-115, which was entitled "NOTICE OF CHANGE" for the 1988 through 1991 renewals and "NOTICE OF RENEWAL CHANGE" for the 1992 and subsequent renewals. A subheading states as follows: "THE COVERAGES AFFORDED BY YOUR POLICY MAY HAVE BEEN CHANGED." The relevant language then states: "In order to provide you with the most up-to-date coverages we have revised your policies['] coverages, forms and/or endorsements. Please refer to your policy and its endorsements for the exact changes." The form contains additional language to the effect that the insureds should contact their independent insurance agent if they have any questions. As a matter of law, this is insufficient notice. The insured would still be required to "read the fine print" of the policy, including forms and endorsements, in order to determine what the changes might be, a burden which cannot be imposed on an insured at the time a policy is renewed. See *Government Employees Insurance Co. v. United States,* 400 F.2d 172, 175 (10th Cir. 1968). Attempting to impose this burden is an attempt to circumvent the clear requirements of the Act. We agree with the trial court that the notice *itself* must inform the insured of the change and not refer the insured to the fine print. This is true regardless of how many weeks the insured is provided to read the fine print. Here, *no* notice, rather than *late* notice, was provided. Thus, that portion of the Act which deals with the legal effect of late notice to an insured is not applicable here. 215 ILCS 5/143.17a(c) (West 1992).

The parties have raised additional issues, such as whether Economy complied with statutory mailing requirements and whether the exclusion's "lead paint" language barred coverage for alleged injuries from "lead dust" under the facts of the underlying case. We need not address these issues, however, in view of our conclusion that the terms of the insured's original policy apply due to Economy's lack of notice of the addition of a lead paint exclusion. The trial court's order denying Economy's motion for summary judgment and granting summary judgment to the insureds and the minor tenant is affirmed.

Affirmed.

O'MARA FROSSARD, P.J., and RAKOWSKI, J., concur.